UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-62164-AUGUSTIN-BIRCH

**CHRISTOPHER JAMES NODELL,** *et al.***,**

    **Plaintiffs,**

v.

**NICKY'S RESTAURANT EQUPMENT LLC**
**d/b/a STROMBOLI PIZZA,** *et al.***,**

    **Defendants.**
_____/

**ORDER DENYING DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

    This cause comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint.  DE 7.  The Court has carefully considered the Motion to Dismiss, Plaintiffs' Response thereto [DE 10], and the record and is otherwise fully advised in the premises.[1]  For the reasons set forth below, the Motion to Dismiss is **DENIED**.

**I.    PROCEDURAL BACKGROUND**

    Plaintiffs Christopher Nodell, Michael Perez, and Joshua Garber filed a Complaint under the Fair Labor Standards Act ("FLSA") against their former employer, Nicky's Restaurant Equpment LLC d/b/a Stromboli Pizza ("Nicky's") and against Nicky's owner and manager, Nicholas Maltese. DE 1. Plaintiffs allege in the Complaint that Nicky's is "an enterprise engaged in commerce or the production of goods for commerce" with "gross sales or business done . . . in excess of $500,000 per year" and that Defendants "have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but

---

[1] Defendants did not file a Reply in support of the Motion to Dismiss, and their time to do so has passed.

not limited to computers, phones, pens, and paper." *Id.* ¶¶ 4, 6, 8.  Plaintiffs further allege that Nodell and Perez worked for Defendants as pizza makers and cooks and that Garber worked for Defendants as a pizza maker and driver.  *Id.* ¶¶ 9-11.  Plaintiffs raise one count for violating the FLSA by failing to pay full overtime wages.  They attach to the Complaint preliminary calculations of the values of their claims.

In those attachments, each Plaintiff states the period of time during which he contends he worked overtime for which he was not fully paid, the number of weeks for which he contends he worked overtime for which he was not fully paid, the average hours he worked during those weeks, his regular hourly rate, and his overtime hourly rate.  Based on those figures, each Plaintiffs makes a preliminary calculation of the overtime wages he maintains he is owed, and each Plaintiff seeks an equal amount in liquidated damages.  DE 1-3 to -5.

## II. ANALYSIS

Defendants seek dismissal of the Complaint with prejudice as a shotgun pleading and for failure to state a claim upon which relief can be granted.  The Court addresses each topic in turn.

### A. Shotgun Pleading

Defendants' argument that the Complaint is a shotgun pleading is very brief.  Defendants contend, "The complaint is a shotgun pleading and does not meet the necessary specificity for pleading a FLSA claim."  DE 7 at 3.  Having reviewed the Motion to Dismiss seeking more precision as to why Defendants believe the Complaint is a shotgun pleading, the Court has found the following potentially relevant argument: "The Plaintiffs have lumped their individual claims into one Count and re-alleged all the conclusory allegation paragraphs 1-19 as though the conclusory paragraphs apply to each of the named Plaintiffs which in itself is inadequate for Defendants to answer."  *Id.* at 2.

A shotgun pleading violates the requirement of Rule 8 of the Federal Rules of Civil Procedure that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018); *see* Fed. R. Civ. P. 8(a)(2) (requiring a pleading to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief"). A shotgun pleading fails to some degree to give the defendants adequate notice of the claims against them and the grounds on which each claim rests. *Vibe Micro, Inc.*, 878 F.3d at 1295.

There are four basic categories of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). First and most commonly, a pleading is shotgun if it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* Second, a pleading is shotgun if it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321-22. Third, a pleading is shotgun if it does not separate each cause of action or claim for relief into a different count. *Id.* at 1322-23. Fourth and finally, a pleading is shotgun if it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

The Court reads Defendants' shotgun-pleading argument as potentially implicating the first three categories of shotgun pleading. The Complaint is not a shotgun pleading under the first category because it does not contain counts that adopt the allegations of preceding counts. The Complaint contains only one count. That count does incorporate 19 paragraphs of preceding, introductory allegations, however Defendants have identified no allegation in those 19 paragraphs as being irrelevant to Plaintiffs' FLSA count. The Complaint is not a shotgun pleading under the

second category because, upon the Court's review, the Complaint does not contain facts not obviously connected to a cause of action under the FLSA. Defendants have not identified any particular allegation that they maintain is unconnected to Plaintiffs' FLSA claims. Finally, the Complaint is not a shotgun pleading under the third category because it does not contain counts that combine different causes of action or claims for relief. Plaintiffs pled only one cause of action in the Complaint, that of failure to pay overtime wages in violation of the FLSA. The three Plaintiffs have combined their FLSA claims into one count, but Defendants provide no authority standing for a proposition that multiple plaintiffs should not raise identical causes of action within a single count. The Court concludes that the Complaint is not a shotgun pleading.

**B. Failure to State a Claim**

Defendants contend that the Complaint fails to state a claim for relief under the FLSA for three reasons. First, Defendants argue that the Complaint includes "factually incorrect" allegations that are unsupported by any records such as paycheck stubs or timesheets. DE 7 at 1-3. Second, Defendants assert that the Complaint does not "assert specific facts about [Plaintiffs'] employment or employee status including dates of employment and rates of pay in the body of the complaint." *Id.* at 3. Third, Defendants maintain that the Complaint does not demonstrate that the Court has subject matter jurisdiction over this case because Plaintiffs fail to allege sufficient facts to establish either individual or enterprise coverage under the FLSA. *Id.* at 3-5.

Plaintiffs respond to Defendants' first argument by asserting that their allegations must be accepted as true at the motion-to-dismiss stage and that they need not provide evidentiary support for their claims with the Complaint. DE 10 at 4-5. As for Defendants' second argument, Plaintiffs contend that the information Defendants state is missing from the Complaint is contained within the Complaint's attachments, and those attachments are considered a part of the Complaint. *Id.* at 5. Responding to Defendants' third argument, Plaintiffs maintain that their allegation that

4

Defendants' employees use goods or materials such as computers, phones, pens, and paper that have moved in commerce is a sufficient factual basis to allege enterprise coverage. *Id.* at 6.

A court may grant a party's motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.* The factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

**1. Accuracy of Allegations and Evidentiary Support**

Defendants' first argument in support of dismissal for failure to state a claim is that the Complaint contains inaccurate and unsupported factual allegations. This argument does not provide a basis to dismiss the Complaint. As for any factual allegations that may be inaccurate, a court ruling on a motion to dismiss must accept as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *West v. Warden*, 869 F.3d 1289, 1296 (11th Cir. 2017). As for whether Plaintiffs have evidentiary support for their allegations, that is a matter left for a later stage of this litigation. Defendants provide no authority standing for a proposition that FLSA plaintiffs are required to attach documentary support for their factual allegations to their complaints. The Court will not dismiss the Complaint based on Defendants' first argument.

### 2. Allegations Concerning Plaintiffs' Employment

Defendants' second argument in support of dismissal for failure to state a claim is that the Complaint contains insufficient allegations about Plaintiffs' employment or employee status. As for precisely what information is missing from the Complaint, Defendants list only "dates of employment" and "rates of pay." DE 7 at 3. Even if the Court accepts for the sake of argument that such information is necessary to plead an FLSA claim, that information is contained within the attachments to the Complaint. Each Plaintiff lists in an attachment the dates between which he contends he worked overtime without full pay, his regular hourly rate, and his overtime hourly rate. DE 1-3 to -5. These attachments are considered a part of the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Rance v. Rocksolid Granit USA, Inc.*, 292 F. App'x 1, 2 (11th Cir. 2008) (stating, in a case brought under the FLSA, that "[w]hen considering a motion to dismiss, the court may consider the complaint and all exhibits attached thereto"); *Berry v. Keller*, 157 F. App'x 227, 228 (11th Cir. 2005) ("Documents attached to the complaint are treated as part of the allegations."). The Court will not dismiss the Complaint based on Defendants' second argument because the information that they assert is missing and necessary to plead an FLSA claim is incorporated into the Complaint by virtue of the inclusion of the information in the attachments.

### 3. Allegations Concerning FLSA Coverage

Defendants' third argument in support of dismissal for failure to state a claim is that the Complaint contains insufficient allegations to establish either individual or enterprise coverage under the FLSA and that, without such coverage, the Court lacks subject matter jurisdiction over this case. An employee must demonstrate that he is "covered" under the FLSA to be eligible for FLSA overtime pay, and there are two ways to establish coverage. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). First, an employee may show

"individual coverage if he regularly and directly participates in the actual movement of persons or things in interstate commerce." *Id.* (alteration and quotation marks omitted); *see* 29 U.S.C. § 207(a)(1) (requiring FLSA overtime pay for an employee "who in any workweek is engaged in commerce or in the production of goods for commerce"). Plaintiffs do not contend that they have alleged individual coverage.

Second, an employee may show "enterprise coverage if he is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Josendis*, 662 F.3d at 1298-99 (quoting 29 U.S.C. § 207(a)(1)). In the FLSA context, enterprise means "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose," and commerce means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b), (r)(1). An enterprise "engaged in commerce or in the production of goods for commerce" means that the enterprise (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) has "annual gross volume of sales made or business done [of] not less than $500,000." *Id.* § 203(s)(1)(A).

As an initial matter, Defendants contend that Plaintiffs' inadequate allegation of coverage under the FLSA is a jurisdictional deficiency. This contention is incorrect. The existence of individual or enterprise coverage is not jurisdictional, but rather is a required element of an FLSA claim. *E.g., Ferrer v. Atlas Piles, LLC*, 586 F. Supp. 3d 1286, 1295 (S.D. Fla. 2022) (reviewing existing caselaw and agreeing that "enterprise coverage under the FLSA is not jurisdictional"); *Marquez v. Suarez*, No. 13-23988-CIV, 2014 WL 12637921, at *1 (S.D. Fla. Aug. 20, 2014) (ruling that "the requirement that a plaintiff established enterprise coverage . . . is not jurisdictional,

7

as Defendant contends, but rather an element of a plaintiff's claim for relief"); *Rodriguez v. Diego's Rest., Inc.*, 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009) (concluding that "individual or enterprise coverage under the FLSA is an element of a plaintiff's claim for relief, not a jurisdictional threshold").

As for Plaintiffs' allegations of enterprise coverage, Defendants do not dispute that Plaintiffs' allegations meet the requirement of $500,000 in annual gross sales, but Defendants do challenge Plaintiffs' allegations as being inadequate to meet the requirement of employees being engaged in commerce. Plaintiffs respond by pointing to the following allegation in the Complaint: "Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper." DE 1 ¶ 8.

"[T]o properly allege individual or enterprise coverage, an FLSA plaintiff need not do much. Aside from stating the nature of his work and the nature of his employer's business, he must provide only straightforward allegations connecting that work to interstate commerce." *Kinne v. IMED Health Prods., LLC*, No. 18-62183-CIV, 2019 WL 2866787, at *3 (S.D. Fla. July 3, 2019) (alterations and quotation marks omitted). An allegation that employees work with computer equipment, telephones, and office supplies that moved in commerce is adequate to plead the existence of enterprise coverage. *E.g., Certain v. Van Horst Gen. Contractors, LLC*, No. 20-60395-CIV, 2020 WL 10618316, at *2 (S.D. Fla. Apr. 10, 2020) (concluding that an allegation that employees handle or otherwise work "with telephones, computers and other office supplies and materials that had been moved in commerce, which were used directly in furtherance of Defendant's commercial activity of construction" was "adequate at the pleading stage for the first prong of enterprise coverage"); *Chambers v. Bank of Am. Merch. Servs., LLC*, No. 18-61464, 2018 WL 7371879, at *2 (S.D. Fla. Sept. 25, 2018) (ruling that an allegation that employees handle

8

or otherwise work "with telephones, computers and other office supplies and materials that had been moved in commerce, which were used directly in furtherance of Defendant's commercial activity of running a bank" was "adequate at the pleading stage for the first prong of enterprise coverage"). It is reasonable to infer that such materials at some point moved in interstate commerce. *See Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1295 (S.D. Fla. 2014) (finding it reasonable to infer that materials restaurant employees used for food preparation, cooking, dishwashing, cleaning, and janitorial work had moved in interstate commerce before being delivered to the restaurant); *see also West*, 869 F.3d at 1296 (explaining that a court ruling on a motion to dismiss must draw all reasonable inferences in the plaintiff's favor). The Court will not dismiss the Complaint based on Defendants' third argument because, taking Plaintiffs' allegation in Paragraph 8 of the Complaint as true and drawing reasonable inferences in Plaintiffs' favor, they have sufficiently alleged the existence of enterprise coverage. Thus, the Court concludes that the Complaint should not be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint [DE 7] is **DENIED**. Per Federal Rule of Civil Procedure 12(a)(4)(A), Defendants must file and serve their Answer to the Complaint within 14 days of the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 13th day of January, 2023.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE